IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON MOUNTAIN | : | Civil Action No. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BLUE KNOB AUTO SALES, INC., d/b/a | : | |
| BLUE KNOB AUTO SALES, | : | |
| Defendant | : | Jury Trial Demanded |

## COMPLAINT

AND NOW, comes the Plaintiff, Jason Mountain, by and through his attorney, Michael J. Wagner, Esquire, and files the foregoing Complaint averring as follows:

1. The Plaintiff, Jason Mountain, is a United States citizen who resides in the Commonwealth of Pennsylvania, with a principle address of 236 Shapiro Road, Loretto, Pennsylvania 15940.

2. The Defendant, Blue Knob Auto Sales, Inc., d/b/a Blue Knob Auto Sales, is a Pennsylvania corporation with a principle address of 2860 Route 764, Allegheny Township, Duncansville, Pennsylvania 16635.

3. The Plaintiff was hired on or about 11/4/02 for the position of part time detailer. Approximately one and one-half years later, he was promoted to Assistant Supervisor of the Detailing Shop at a salary of approximately $35,000.00 plus bonus. He was not paid for overtime. The Plaintiff worked in that position until approximately 2006, at which point he became full time, second shift Supervisor of Detail Shop with a salary of approximately $55,000.00, plus bonus. He was not paid for overtime. He worked in that position until approximately October of 2007, at which point he was given a job title of "Head of Tire Department," at a salary of $2,500.00 every two weeks, plus bonus. He was not paid for overtime.

4. The court has jurisdiction over this matter because the matter involves a Federal question, i.e. the Fair Labor Standards Act.

5. During the Plaintiff's period of employment, he had no authority to formulate, affect, interpret or implement management policies or operating practices. Plaintiff had no authority to commit the Defendant in matters of significant financial impact. The Plaintiff performed no work that affected business operations to a substantial degree. The Plaintiff had no authority to waive or deviate from established policies and procedures without prior approval. The Plaintiff had no authority to negotiate and/or bind the Defendant on any matter of substantial significance. The Plaintiff's job duties did not include consultation or expert advice to management that involved the exercise of discretion and/or independent judgment. The Plaintiff's job duties did not include the supervision of two or more employees.

6. The Plaintiff graduated from high school in 1987 with a high school diploma. He has no post-secondary education or experience.

7. The Plaintiff last worked for the Defendant on or about March 2, 2010 at the position of Head of Tire Department. His rate of pay at that time consisted of a flat salary of $2,500.00 per week, plus a bonus. Plaintiff estimates that his bonus for the year 2009 approximated $30,000.00. The Plaintiff regularly worked 46 hours or more, on a weekly basis during the entire period of employment as Head of Tire Department, the Plaintiff's average day consisted of more than one-half of the time in manual laboring duties.

8. Per Plaintiff's W-2 form for 2008, he earned $84,133.16, which included both salary and bonus. Per his W-2 form for 2009, Plaintiff earned $87,042.42, which included salary plus bonus.

9. The Plaintiff never received overtime pay, as required by the Fair Labor Standards Act.

## COUNT I

## WILLFUL VIOLATION OF FAIR LABOR STANDARDS ACT

### JASON MOUNTAIN v. BLUE KNOB AUTO SALES, INC., d/b/a BLUE KNOB AUTO SALES

10. The Plaintiff hereby incorporates Paragraphs 1 through 9 of the foregoing Complaint as if the same were set forth herein.

11. The Defendant's actions violate the Fair Labor Standards Act. By failing to pay overtime to the Plaintiff, despite the fact that he was clearly a non-exempt employee, represents a willful violation of the Fair Labor Standards Act in that the Defendant knew, and/or demonstrated reckless disregard with its decision to treat to the Plaintiff as an exempt employee.

12. As a direct result of the Defendant's willful violation of the Fair Labor Standards Act, Plaintiff has sustained the following damages:

    a. Back pay in the form of lost wages and benefits;

    b. Liquidated damages equal to the amount of back pay plus benefits; and

    c. Filing fees, legal costs and attorney's fees associated with this matter.

13. Plaintiff demands a jury trial in this matter.

## COUNT II
### VIOLATION OF FAIR LABOR STANDARDS ACT
### JASON MOUNTAIN v. BLUE KNOB AUTO SALES, INC., d/b/a BLUE KNOB AUTO SALES

14. The Plaintiff hereby incorporates Paragraphs 1 through 13 of the foregoing Complaint as if the same were set forth herein.

15. The Defendant's actions violate the Fair Labor Standards Act. By failing to pay overtime to the Plaintiff, despite the fact that he was clearly a non-exempt employee, represents a violation of the Fair Labor Standards Act.

16. As a direct result of the Defendant's violation of the Fair Labor Standards Act, Plaintiff has sustained the following damages:

    a. Back pay in the form of lost wages and benefits;

    b. Liquidated damages equal to the amount of back pay plus benefits; and

    c. Filing fees, legal costs and attorney's fees associated with this matter.

17. Plaintiff demands a jury trial in this matter.

WHEREFORE, the Plaintiff demands judgment against the Defendant as a matter of law for all previously listed damages and all damages permitted by the Fair Labor Standards Act in an amount to be determined by a jury in this matter.

    Respectfully submitted,

/s/ Michael J. Wagner
Michael J. Wagner, Esquire
PA I.D. No. 39364
WAGNER & FINN
153 Lakemont Park Boulevard
Altoona, PA 16602
(814) 944-4700
E-mail: mwagner@wagfinn.com

## VERIFICATION

I, Jason Mountain, certify that the statements in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

Dated: 4-29-10

Jason Mountain